NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0017n.06

No. 24-5168

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jan 15, 2025
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | ON APPEAL FROM THE |
| v. | ) ) ) | UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE |
| MANDLE LEE MARTIN, aka Mandel Lee Martin, | ) ) | |
| Defendant-Appellant. | ) ) ) | OPINION |

Before: McKEAGUE, GRIFFIN, and LARSEN, Circuit Judges.

GRIFFIN, Circuit Judge.

During his criminal proceedings before the district court, defendant Mandle Martin's behavior caused his lawyer and the district court to question his mental competence. After several psychological evaluations and competency findings, Martin pleaded guilty, and the district court imposed a below-Guidelines prison sentence. On appeal, he argues both that the district court plainly erred by not holding a hearing on whether he should be hospitalized and that his lawyer rendered ineffective assistance by failing to request such a hearing or another pre-sentencing competency evaluation. But an appeal waiver blocks Martin's first argument, and his latter arguments are better addressed in collateral proceedings under 28 U.S.C. § 2255. We thus dismiss Martin's appeal.

I.

FBI agents arrested Martin for receiving and possessing ammunition as a convicted felon. Between his May 2018 arrest and his December 2022 guilty plea, Martin's behavior caused his counsel and the district court to question his mental competence. At counsel's request, the district court twice ordered psychological evaluations of Martin—once in 2018 and again in 2021. Both evaluations concluded that Martin could understand the nature of the criminal proceedings, and both opined that at least some of Martin's lack of cooperation in his legal proceedings appeared to be volitional. After each evaluation, the district court held a competency hearing, pursuant to 18 U.S.C. § 4241, and concluded that Martin was competent to proceed.

Martin ultimately pleaded guilty, pursuant to a plea agreement, to one count of receipt and possession of ammunition by a convicted felon. The district court found Martin "competent to enter a plea of guilty" and accepted the plea. Before sentencing, Martin's counsel filed a sentencing memorandum stating that, although he believed that Martin's mental health had "seriously deteriorated" since the change-of-plea hearing, he knew of "no legal authority for a further competency hearing after the defendant has entered a guilty plea and is awaiting sentencing."

At sentencing, the district court calculated Martin's Guidelines range at 140–175 months. And after considering Martin's mental health as a mitigating factor, the district court sentenced Martin to a below-Guidelines sentence of 130 months' incarceration. The court recommended that the Bureau of Prisons place Martin in a federal medical facility so that he could receive mental-health treatment. This appeal followed.

While the appeal was pending, Martin's counsel moved to withdraw, noting that his sentencing memorandum "misstated the law regarding whether a defendant can be found

incompetent after conviction yet before sentencing." Specifically, counsel learned that two statutes allow for post-conviction, pre-sentencing evaluation of a defendant's mental health: 18 U.S.C. § 4241 (providing that competency can be examined "[a]t any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant"), and § 4244 (allowing for a hearing "prior to" sentencing to determine whether the defendant is "suffering from mental disease or defect" such that "[h]ospitalization" would be appropriate). We granted the motion to withdraw and appointed new counsel, who filed Martin's appellant brief.

II.

We begin with Martin's contention that the district court plainly erred by failing to sua sponte order a hearing under 18 U.S.C. § 4244 to determine whether hospitalization, rather than incarceration, would be appropriate for him. Martin asserts that the district court had "reasonable cause to believe" that he was suffering from a mental disease or defect, so the statute's mandatory language required the court to order a hearing. 18 U.S.C. § 4244(a).

But in his plea agreement, Martin broadly waived his rights to appeal his conviction or sentence. "Regarding sentencing," the waiver provides that Martin "knowingly waives the right to appeal any sentence within or below the final court-determined Guidelines range." The district court sentenced Martin to a below-Guidelines sentence, so the waiver applies.

To be sure, "appeal waivers do not bar *all* appeals." *United States v. Ellis*, 115 F.4th 497, 501 (6th Cir. 2024). For instance, an appeal waiver is invalid and unenforceable if the defendant did not "enter into the agreement knowingly and voluntarily," *United States v. Toth*, 668 F.3d 374, 378 (6th Cir. 2012) (citation omitted), and even a "valid and enforceable appeal waiver" precludes only those "challenges that fall within its scope," *Garza v. Idaho*, 586 U.S. 232, 238 (2019)

(citation omitted); *see, e.g.*, *United States v. Fowler*, 956 F.3d 431, 436 (6th Cir. 2020) (holding that appeal of special assessment was not waived because it was beyond the waiver's scope).

Martin "makes no effort to raise" any argument about why the appeal waiver does not apply to his argument about the § 4244 hearing. *Ellis*, 115 F.4th at 501 (internal quotation marks and citation omitted). Although his brief suggests that he may have been incompetent at sentencing, he does not contest the district court's finding that he was competent when he entered the plea agreement with the appeal waiver. Nor does he mention the appeal waiver in his opening brief; and even after the government led with the appeal waiver in its response brief, Martin's court-appointed counsel did not even file a reply, let alone articulate arguments against the waiver's enforceability. And "we need not consider" potential arguments against appeal waivers that a defendant altogether fails to brief in either opening or reply. *See id.*

For these reasons, the plea agreement's appeal waiver bars Martin's argument about the district court's failure to hold a § 4244 hearing.

### III.

Martin next makes two arguments that he received ineffective assistance of trial counsel. His appeal waiver explicitly carves out ineffective-assistance claims, so it does not bar these arguments. Martin argues that his lawyer rendered ineffective assistance by failing to request either a § 4244 hearing or a post-plea, pre-sentencing competency hearing under § 4241. But unless counsel's "ineffectiveness is apparent from the record," we typically decline to address ineffective-assistance claims on direct appeal. *United States v. Burrell*, 114 F.4th 537, 548 (6th Cir. 2024) (citation omitted). And here, whether Martin's counsel was ineffective is not apparent.

True, counsel admitted that he failed to recognize that §§ 4241 and 4244 could have allowed the district court to consider—after the plea and before sentencing—whether Martin either required hospitalization or was incompetent. But even if that admission sufficed to show deficient performance, *see United States v. Dubrule*, 822 F.3d 866, 881 (6th Cir. 2016) (failure to request a competency hearing "might render counsel's performance objectively unreasonable"); *see also Hinton v. Alabama*, 571 U.S. 263, 274 (2014) ("An attorney's ignorance of a point of law that is fundamental to his case combined with his failure to perform basic research on that point is a quintessential example of unreasonable performance under *Strickland*."), an ineffective-assistance claim also requires a showing of prejudice—"a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984).

On the record before us, whether the outcome of Martin's proceedings would have been different had counsel requested a § 4244 hearing or another § 4241 hearing is not "apparent." *Burrell*, 114 F.4th at 548. And Martin's assertion that we ought to presume prejudice is a nonstarter. We and the Supreme Court have "presumed prejudice *on appeal* only in a limited number of situations," all of which share the "common theme" that "the defendant lost the ability to appeal altogether." *Winkler v. Parris*, 927 F.3d 462, 465 (6th Cir. 2019) (collecting cases). Although Martin argues we should extend this presumption to this circumstance where he was deprived of either a § 4241 hearing or a § 4244 hearing, he cites no on-point authority for that proposition. We thus decline to presume prejudice.

Accordingly, Martin's ineffective-assistance claims are better addressed in § 2255 proceedings.

IV.

For these reasons, we dismiss Martin's appeal.